IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GR8 PLATE LLC<br>*Plaintiff,*<br><br>v.<br><br>ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, DALE GRIMM, THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, PARRISH SWIFT, EDWARD GARVIN BRITT, JR., AND BOWEN MICLETTE & BRITT INSURANCE COMPANY<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:20-cv-429 |

## **NOTICE OF REMOVAL**

Defendants Allied Property and Casualty Insurance Company, Dale Grimm, The Hartford Steam Boiler Inspection and Insurance Company, and Parrish Swift ("Defendants"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice of Removal of the lawsuit captioned *Gr8 Plate LLC v. Allied Property and Casualty Insurance Company, Dale Grimm, The Hartford Steam Boiler Inspection and Insurance Company, Parrish Swift, Edward Garvin Britt, Jr., and Bowen Miclette & Britt Insurance Company*; Cause No. 2020-00463; In the 234th Judicial District of Harris County, Texas.

**I.
INTRODUCTION**

1. This lawsuit arises out of an insurance claim for commercial properties arising from the storm commonly referred to as Hurricane Harvey. Defendants remove this action pursuant to 28 U.S.C. § 1332 because complete diversity exists between the properly joined parties. Defendants Bowen Miclette & Britt Insurance Agency ("Insurance Agency") and

Edward Garvin Britt, Jr. ("Agent Britt"), the sole non-diverse defendants, have been improperly joined. As such, the citizenship of Agent Britt and Insurance Agency should be disregarded and all claims against them should be dismissed.

## I.
## BACKGROUND

1. Plaintiff Gr8 Plate, LLC (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2020-00463; In the 234th Judicial District of Harris County, Texas on January 3, 2020 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Defendants Allied Property and Casualty Insurance Company ("Allied") and Dale Grimm ("Grimm"), appeared and answered on February 7, 2020, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendants' Original Answer, attached as **Exhibit B**.

3. Defendants Agent Britt and Insurance Agency appeared and answered on January 27, 2020, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Agent Britt and Insurance Agency Original Answer attached hereto as **Exhibit C.**

4. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt. The docket sheet from the state court file is attached hereto as **Exhibit D**.

5. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 234th Judicial District Court of Harris County, Texas.

6. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendants of Plaintiff's Original Petition and less than one year after the commencement of this action.

7. Obtaining consent from improperly joined parties for the removal of a case to federal court is not necessary.[1]

## II.
## JURISDICTION

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.    Diversity of Parties**

9. Plaintiff is domiciled in Harris County, Texas.[2] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

10. Defendant Allied Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

11. Defendant Dale Grimm is an induvial domiciled in the state of New York.

12. Defendant The Hartford Steam Boiler Inspection and Insurance Company ("Hartford") is organized under the laws of Connecticut and maintains its principal place of business in Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Hartford is a citizen of Connecticut. Hartford consents to this removal.

---

[1] *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).
[2] See Exhibit A, Plaintiff's Petition at ¶ 2.

13. Defendant Parish Swift is an individual domiciled in the state of Georgia.

14. Defendant Edward Garvin Britt, Jr. ("Agent Britt") is an individual believed to be domiciled in Texas and is therefore a citizen of Texas. However, Agent Britt's citizenship should be disregarded because he has been improperly joined to this action.[3]

15. Defendant Bowen Miclette & Britt Insurance Company is believed to have been misnamed and is believed to actually be a limited liability company named Bowen Miclette & Britt Insurance Agency, LLC ("Agency") organized under the laws of Texas with its principal place of business in Texas and all members domiciled in Texas. It is therefore a citizen of Texas. However, Agency's citizenship should be disregarded because it has been improperly joined to this action.[4]

16. Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**B.  Improper joinder**

17. A defendant is improperly joined if the moving party establishes that (1) the plaintiffs have stated a claim against a defendant that they fraudulently allege is non-diverse, or (2) the plaintiffs have not stated a claim against a defendant that they properly allege is non-diverse.[5] Because Agent Britt and Agency are non-diverse, only the latter option is relevant in this matter.

18. A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse

---

[3] *Id.*
[4] *Id.*
[5] *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

4

defendant.[6] If the assertion of improper joinder is based on the existence of an affirmative defense and the defendant establishes the existence of an affirmative defense to plaintiff's state law claims, "it necessarily follows that joinder was fraudulent, and the district court properly exercise[s] its removal jurisdiction."[7]

19. Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[8] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain sufficient factual matter, accepted as true, to state a claim to relief" under Texas law.[9] In undertaking its decision, courts are to apply federal pleading standards to the asserted state court claim.[10] A plaintiff's obligation to provide the "grounds" for "entitle[ment] to relief" requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do.[11] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[12]

20. The Fifth Circuit has clarified that, for the improper joinder analysis, pleadings must satisfy the federal pleading standard; not Texas's fair notice pleading standard. *Int'l Energy Ventures Mgmt.,* 818 F.3d at 200 ("It is well-established, of course that Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard") (emphasis original) (internal citations omitted). This means that many allegations under the Texas Insurance Code must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See, e.g., Columbia*

---

[6] *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).
[7] *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 753 (5th Cir. 1996); *see also Parkway Imaging Ctr., Inc. v. Home Life Fin. Assurance Corp.*, 198 F.3d 240, 2012 WL 824441, at *6 (5th Cir. Sept. 27, 1999).
[8] *Id.*
[9] *Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).
[10] *Int'l Energy Ventures*, 818 F.3d at 200-08.
[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[12] *Id.* at 570.

*Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc.,* No. 4:15-CV-568-A, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016). When these principles are applied, it is evident that Agent Britt and the Insurance Agency has been joined solely to defeat diversity jurisdiction.

### 1. Plaintiff's allegations against Agent Britt and the Insurance Agency

21. In this case, Plaintiff has asserted causes of action against Agent Britt and the Insurance Agency for violations of Texas Insurance Code Chapter 541, negligence, breach of fiduciary duty, and negligent misrepresentation.[13] Plaintiff provides very little in the way of specifics regarding these claims. For factual background, Plaintiff merely alleges that Agent Britt and the Insurance Agency sold Plaintiff insurance policies and:

> After reporting the claim to Britt and/or Insurance Agency, Plaintiffs were provided advice by Britt and/or Insurance Agency regarding the claims process and the handling of the claim, including advice regarding the mitigation of damage to the Properties. When Britt and/or Insurance Agency undertook in adjusting the claim by providing this advice, it was their duty to provide advice that would assist in the handling of the Plaintiff's claim, not jeopardize the coverage available. This advice resulted in the deficient investigation of Plaintiff's claim.[14]

22. Then in each section of the Petition setting forth the causes of action Plaintiff alleges against Agent Britt and the Insurance Agency, Plaintiff repeats the vague allegation that Agent Britt and the Insurance Agency gave some sort of bad advice about the "claims handling process":

- "Britt and Insurance Agency's [sic] did not provide correct advice regarding the claims handling process to Plaintiff;"[15]

- "Defendant accepted the responsibility to provide Plaintiff with accurate advice regarding the handling of Plaintiff's claim when it undertook in helping Plaintiff in the claim adjustment process;"[16]

---

[13] *See* Plaintiffs' Original Petition, attached as Exhibit **A**, pp. 17-19.
[14] *Id.* at ¶ 17 & 21 on pp.4-5.
[15] *Id.* at ¶ 82.

6

- "Britt and Insurance Agency breached their fiduciary duties to Plaintiff when he [sic] failed, as described, to provide proper advice regarding Plaintiff's claim;"[17] and

- "Britt and Insurance Agency misrepresented to Plaintiff the correct procedure handling the claim after Hurricane Harvey damaged the Properties."[18]

23. As explained below, Plaintiff's vague and threadbare allegations against Agent Britt and Insurance Agency fail to state any claim for relief rendering removal proper on the basis that Agent Britt and Insurance Agency were improperly joined.

**2. Plaintiff has failed to state a claim against Agent Britt and the Insurance Agency for noncompliance with the Texas Insurance Code §541 et sec.**

24. Plaintiff alleges that Agent Britt and the Insurance Agency violated two provisions of the Texas Insurance Code. Specifically, Plaintiff alleges Britt and the Insurance Agency violated Texas Insurance Code § 541.060(2)(A) by "failing to attempt to in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonable clear . . . ."[19] Plaintiff also alleges Britt and the Inusrance Agency violated §541.060(7), which prohibits "refusing to pay a claim without conducting a reasonable investigation with respect to the claim."[20]

25. The undersigned's research has found no Texas courts have held that an *insurance agent or agency* (as opposed to an adjuster) may be liable under these provisions of the Texas Insurance Code. Texas courts have recognized that insurance sales agents may be liable under Chapter 541 only under "appropriate circumstances," limited to "when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually

---

[16]  *Id.* at ¶ 81.
[17]  *Id.* at ¶ 87.
[18]  *Id.* at ¶ 89.
[19]  *Id.* at ¶ 81.
[20]  *Id.* at ¶82. *See also* Texas Insurance Code 541.060(7).

7

causes the insured to incur damages." [21] Insurance sales agents have no statutory duty to provide an explanation for an insurer's denial of a claim or to conduct an investigation of a claim. Here, Plaintiff makes no allegations against Agent Britt or the Insurance Agency regarding any misrepresentations made prior to a loss. Instead, Plaintiff alleges that they gave Plaintiff some sort of bad advice regarding "mitigation of damages" after the loss.[22] This allegation fails to state a claim under the Texas Insurance Code for violation of §541.060(a)(2) regarding failing to settle a claim when liability has become reasonably clear or §541.060(7) for refusing to pay a claim without conducting an investigation. As such, Plaintiff has failed to state a claim for relief under Chapter 541 against Agent Britt or the Agency.

### 3. Plaintiff has failed to state a claim against Agent Britt and the Agency for negligence.

26. It is fundamental law that to prevail on their negligence claim, the Plaintiff would have to show that a non-diverse insurance agent and agency breached some legal duty owed to the Plaintiff.[23] But generally, insurance agents owe their client only a duty to use reasonable diligence in acquiring a policy, and to inform the client if they are unable to do so.[24] Under Texas law, an insurance agent does not have a legal duty to explain the terms and conditions of an

---

[21] *Griggs v. State Farm Lloyds,* 181 F. 3d 694, 701 (5th Cir. 2000) (emphasis added) (citing *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998); and *State Farm Fire & Casualty Co. v. Gros*, 818 S.W.2d 908 (Tex. App. – Austin 1991, no writ)).
[22] Plaintiff's Original Petition at ¶ 21.
[23] *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975).
[24] *Webb v. UnumProvident Corp.*, 507 F. Supp. 2d 668, 683 (W.D. Tex. 2005) (citing *May v. United Services Ass'n.*, 844 S.W.2d 666, 669 (Tex. 1992)).

insurance policy.[25] Rather, an insured has a duty to read the insurance policy, is responsible for understanding the policy's terms and conditions, and is bound by those policy terms.[26]

27. Plaintiff's vague allegation that Agent Britt and the Insurance Agency are liable for negligence because they allegedly did not give "accurate advice regarding the handling" of Plaintiff's claim[27] fails to state claim for relief. Plaintiff fails to allege that Agent Britt or the Insurance Agency failed to use reasonable diligence in acquiring a policy or failed to inform Plaintiff if they were unable to do so. The undersigned's research has revealed no Texas authority supporting the notion that an insurance agent that sold the policy to the plaintiff has a duty to give any advice regarding claims handling, which is naturally handled by the insurance company. Further "both the Fifth Circuit and Texas state courts have indicated that, absent a contractual duty, insurance agents owe no investigative duty to the insured."[28] Plaintiff has not alleged any contract between it and Agent Britt or the Insurance Agency.

28. Further, Plaintiff's vague negligence cause of action against Agent Britt and the Agency is akin to a claim for negligent claims handling. But courts have expressly refused to recognize a cause of action for negligent claims handling under Texas law.[29] Accordingly, Plaintiff has failed to state a claim for relief against Agent Britt and Agency for negligence.

---

[25] *Insurance Network of Tex. v. Kloesel*, 266 S.W.3d 456, 467-68 (Tex. App.—Corpus Christi 2008, pet. denied); *Ruiz v. Government Emples. Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.); *Heritage Manor of Blaylock Properties, Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.).

[26] *United Neurology, P.A. v. Hartford Lloyd''s Ins. Co.*, 101 F. Supp. 3d 584, 614-615 (S.D. Tex. 2015) aff'd, 624 F. App'x 225 (5th Cir. 2015); *Philadelphia Indem. Ins. Co. v. Creative Young Minds, Ltd.*, 679 F. Supp. 2d 739, 748 (N.D. Tex. 2009).

[27] Plaintiff's Petition at ¶ 83.

[28] *Cwmb Enters. v. Transamerica Life Ins. Co.*, No. G-13-36, 2014 U.S. Dist. LEXIS 184983, at *5-6 (S.D. Tex. 2014) (citing *Emplrs Mut. Cas. Co. v. Maya*, No. 3:03-CV-2916-B, 2005 U.S. Dist. LEXIS 7533, at *10 (N.D. Tex. 2005)).

[29] *Northwinds Abatement v. Employers Ins. of Wausau*, 258 F.3d 345, 352 (5th Cir. 2001) (citing *Higginbotham v. State Farm Mut. Auto Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997)).

### 4. Plaintiff has failed to state a claim against Agent Britt and the Agency for breach of fiduciary duty.

Plaintiff's breach of fiduciary duty cause of action begins with a misapplication of the law. Plaintiff cites *Hartford Cas. Ins. Co. v. Walker Cty. Agency, Inc*., 808 S.W.2d 681, 688 (Tex. App.—Corpus Christi 1991) for the proposition that insurance agents owe a fiduciary duty to their <u>insurers</u>.[30] While that is technically correct, the problem with Plaintiff's argument is that Plaintiff is not an *insurer* like Hartford Casualty Insurance Company. Instead, Plaintiff is a *client or policy holder.* As such, *Hartford* is not applicable.

Under Texas law, fiduciary duties arise as a matter of law in certain formal relationships, such as attorney-client or trustee.[31] However, "Texas law does not recognize the relationship between insurance agent and client as a formal fiduciary relationship."[32] Texas law will recognize an informal fiduciary duty in certain confidential relationships if "the parties have dealt with each other in such a manner for a long period of time that one party is justified in expecting the other to act in its best interest."[33] In order to plead the existence of this informal fiduciary duty, however, the plaintiff must allege facts showing that a "special relationship of trust and confidence [existed] prior to, and apart from, the agreement made the basis of the suit."[34] But Plaintiff has failed to do so here. Plaintiff's petition makes no mention of a "special relationship of trust and confidence" that existed prior to, or apart from, the creation of the insurance contract at issue. Plaintiff has also failed to allege facts that would lead a court to infer

---

[30] Plaintiff's Petition at ¶ 86.
[31] *Lexington Ins. Co. v. N. Am. Interpipe, Inc*., No. H-08-3589, 2009 U.S. Dist LEXIS 51806, at *7 (S.D. Tex. June 19, 2009).
[32] *Id.* at *8 (quoting *Aspen Specialty Ins. Co. v. Muniz Eng'g, Inc*., 514 F. Supp. 2d 972, 983 (S.D. Tex. 2007));*see also Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 628 (Tex. App.-Houston [14th Dist.] 2009, no pet h.) (declining "to extend the set of formal fiduciary relationships to encompass the relationship of an insurance agent, agency, or broker to a client").
[33] *Lexington*, 2009 U.S. Dist. LEXIS 51806, at *7.
[34] *Id.* at *8 (quoting *Associated Indem. Corp. v. CAT Contracting, Inc*., 964 S.W.2d 276, 288 (Tex. 1998)).

such a relationship. Therefore, Plaintiff's breach of fiduciary duty claim against Agent Britt and the Agency fails to state a claim.

### 5. Plaintiff has failed to state a claim against Agent Britt and the Agency for negligent misrepresentation.

29. Plaintiff has likewise failed to allege any actionable facts which would support its negligent misrepresentation claims. Notably, the federal district courts have consistently held that claims alleging fraud and negligent misrepresentation must not only be reviewed under federal pleading standards, but they must also meet the heightened scrutiny of Federal Rule of Civil Procedure 9(b).[35] Further, the Fifth Circuit has clearly held that:

> With regard to misrepresentation claims, "Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and he obtained thereby.[36]

30. More specifically, an established prerequisite to a plaintiff's recovery under a claim of misrepresentation is that the plaintiff must allege the misrepresentation involved "specific policy terms."[37] Plaintiff fails to allege any such particulars. Plaintiff merely vaguely alleges that "Britt and Insurance Agency misrepresented to Plaintiff the correct procedure for handling the claim after Hurricane Harvey damaged the Properties."[38] Plaintiff fails to allege particularly who made the representation, when the misrepresentation was made, or what specific policy term, if any, the misrepresentation included. Plaintiff fails to include any facts showing

---

[35] *See, e.g., Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.,* 3:15-CV-1475-D, 2016 WL 1322235, at *2; (N.D. Tex. Apr. 5, 2016); *Frith v. Guardian Life Ins. Co.,* 9 F.Supp.2d 734, 742 (S.D. Tex. 1998).
[36] *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015).
[37] *Sohmer v. Am. Med. Security, Inc.,* No. Civ. A. 3:02-CV-1680, 2002 WL 3132376, at *3 (N.D. Tex. 2002); *Lopez v. OM Fin. Life Ins. Co.,* Civ. A. No. H-09-789, 2009 WL 2591245, at *2 (S.D. Tex. Aug. 19, 2009) (finding improper joinder when plaintiff's DTPA allegations failed to identify a specific policy term the insurance agent misrepresented); *Druke v. Fortis Health,* Civ. A. No. 5:06-CV-00052, 2007 WL 38322, at *5 (S.D. Tex. Jan. 4, 2007).
[38] Plaintiff's Petition at ¶ 89.

that it actually relied on any specific factual representation or how the misrepresentation cause Plaintiff damages.

31.     Plaintiff's general allegations of fraud are very similar to those at issue in *Davis v. State Farm Lloyds, Civil A. No. 3:15-CV-0596-B, 2015 WL 4475860, at *2 (N.D. Tex. 2015)* in which the court held that the Plaintiff's conclusory allegations of fraud failed to establish a reasonable basis to predict recovery against the non-diverse insurance agent.[39] In that case, Plaintiffs summarily asserted that (1) the agent made a representation that was material and false; (2) the agent made it with reckless disregard as to its truth and with the intent that Plaintiffs act on it; and (3) that Plaintiffs had been injured due to their reliance on the misrepresentation. *Id.* As in the context of Plaintiff's negligent misrepresentation claim, the only factual allegations that could be linked to the plaintiffs' fraud claim were those relating to the agent's alleged statement that Plaintiffs were "adequately insured" and that they were "covered by such peril although Defendant Insurance Company denied such coverage."[40] The Northern District of Texas held that the Plaintiff's allegations, lacking any more factual support, failed to state a claim against the agent for fraud.[41]

32.     Like the plaintiff in *Davis,* Plaintiff here has merely recited the elements of a negligent misrepresentation claim and alleged that Agent Britt and the Insurance Agency made some misrepresentation about claims handling. Not only do Plaintiff's allegations contain multiple legal conclusions, but they also fail to include the required "'who, what, when, where, and how' of the" negligent misrepresentation to satisfy Rule 9(b)'s heightened pleading

---

[39]    2015 WL 4475860, at *5.
[40]    *Id.*
[41]    *Id.* (*citing Weber Paradise Apartments, LP,* 2013 WL 2255256, at *6-8 (N.D. Tex. May 23, 2013).

12

standard.[42] Plaintiff has failed to allege facts sufficient to satisfy the heightened pleading standard applied to misrepresentation claims, and will therefore be unable to recover against Agent Britt or the Agency on that basis under state law.

33. Therefore, Plaintiff's claims against Agent Britt and the Agency asserted in Plaintiff's Original Petition each fail a Rule 12(b)(6) analysis rendering both Agent Britt and the Agency improperly joined. Plaintiff's causes of action against Agent Britt and the Agency should each be dismissed.

**C.     Amount in Controversy**

34. Plaintiff's Original Petition states that Plaintiff seeks "over $200,000.00 but not more than $1,000,000.00."[43] The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

1. Plaintiff further seeks compensation for (1) three times actual damages, (2) court costs, (3) attorney's fees, (4) pre-judgment and post-judgment interest, (6) penalty interest, (7) and exemplary damages.[44] Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541.[45] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[46]

2. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

**III.**

---

[42] *Lopez v. United Prop. & Cas. Ins. Co.,* No. 3:16-cv-0089, 2016 WL 3671115 (S.D. Tex. July 11, 2016).
[43] *See* Plaintiff's Original Petition, Exhibit A, ¶ 9.
[44] *Id.* at ¶¶ 92-102.
[45] *Id.* at ¶ 91; Tex. Ins. Code sections 541.002 & 541.152.
[46] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

## CONCLUSION

3.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

4.     WHEREFORE, Defendants Allied Property and Casualty Insurance Company, Dale Grimm, The Hartford Steam Boiler Inspection and Insurance Company, and Parrish Swift hereby provide notice that this action is duly removed.

*(Signatures on following page.)*

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone: (512) 476-7834
Facsimile: (512) 476-7832

**ATTORNEY-IN-CHARGE FOR DEFENDANTS ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, DALE GRIMM, THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, AND PARRISH SWIFT**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Ethan D. Carlyle
Texas Bar No. 24031794
Southern District No. 30741
ecarlyle@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served electronically via efiling and via CMRRR this the 7th day of February, 2020 to:

| | |
|---|---|
| Michael R. Ramsey<br>Randal G. Cashiola<br>Katherine D. Ramsey<br>Ramsey Law<br>6280 Delaware Street, Suite A<br>Beaumont, Texas 77706<br>ramseydocket@ramseylaw.com<br>**Attorneys for Plaintiff** | ***#9414 7266 9904 2137 9568 80*** |
| Nick Lanza<br>Lanza Law Firm, P.C.<br>4950 Bissonnet Street<br>Houston, Texas 77401<br>eservice@lanzalawfirm.com<br>**Attorneys for Defendants Edward Garvin Britt, Jr.**<br>**And Bowen Miclette & Britt Insurance Agency** | ***#9414 7266 9904 2137 9568 73*** |

                                                  */s/ Patrick M. Kemp*
                                                  Patrick M. Kemp