# Exhibit A

Receipt Number: 889996
Tracking Number: 73711317

EML
COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202000463

| | |
|---|---|
| PLAINTIFF: GR8 PLATE LLC | In the 234th Judicial |
| vs. | District Court of |
| DEFENDANT:   ALLIED   PROPERTY   AND   CASUALTY INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY

MAY BE SERVED WITH PROCESS BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY

211 E 7TH STREET SUITE 620

AUSTIN TX 78701-3218

OR WHEREVER ELSE IT MAY BE FOUND

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on January 3, 2020, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this January 7, 2020.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: PATRICIA JONES

Issued at request of:
Ramsey, Michael R.
6280 DELAWARE ST., STE. A
BEAUMONT, TX  77706
409-444-2020

Bar Number: 16520200

Tracking Number: 73711317
EML

CAUSE NUMBER: 202000463

| | |
|---|---|
| PLAINTIFF: GR8 PLATE LLC | In the 234th |
| vs. | Judicial District Court |
| DEFENDANT:  ALLIED  PROPERTY  AND  CASUALTY INSURANCE COMPANY | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came  to  hand  at  _____o'clock  ____.  M.,  on  the  _____  day  of
_____, 20_____.
Executed  at  (address)  _____
in _____ County
at  _____  o'clock  ____.  M.,  on  the  _____  day  of
_____ 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation  together  with  the  accompanying  _____  copy(ies)  of  the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To  certify  which  I  affix  my  hand  officially  this  _____  day  of
_____, 20 _____.

FEE:  $ _____

_____
_____ of _____

County, Texas

_____     By:  _____
           Affiant                              Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN  TO  AND  SUBSCRIBED  BEFORE  ME  on  this  _____  of
_____, 20 _____

_____
                          Notary Public

1/3/2020 6:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39667477
By: Patricia Jones
Filed: 1/3/2020 6:29 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **GR8 PLATE LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **ALLIED PROPERTY AND CASUALTY** | § | |
| **INSURANCE COMPANY, DALE GRIMM,** | § | |
| **THE HARTFORD STEAM BOILER** | § | |
| **INSPECTION AND INSURANCE** | § | |
| **COMPANY, PARRISH SWIFT,** | § | |
| **EDWARD GARVIN BRITT, JR., AND** | § | |
| **BOWEN MICLETTE & BRITT** | § | |
| **INSURANCE AGENCY** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GR8Plate LLC ("**Plaintiff**"), and files this Plaintiff's Original Petition, complaining of Defendants Allied Property and Casualty Insurance Company, Dale Grimm, The Hartford Steam Boiler Inspection and Insurance Company, Parrish Swift, Edward Garvin Britt, Jr. and Bowen Miclette & Britt Insurance Agency, LLC (hereinafter collectively referred to as "**Defendants**") and for cause of action would show the following:

### DISCOVERY

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### PARTIES

2.      Plaintiff GR8 Plate LLC is company located in Harris County, Texas.

3.      Defendant Allied Property & Casualty Insurance Company is an alien or foreign insurance company registered to engage in the business of insurance in Texas. This Defendant may be served with process via certified mail, return receipt requested, by serving its registered

agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 or wherever else it may be found.

    4.     Defendant Dale Francis Grimm, Jr is an individual licensed to do, and at all times material to the allegations in this Petition has done, business in Texas as an adjuster. This Defendant does not reside in Texas and has not appointed an agent for service of process. Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with personal process at his residence located at 2811 Troy Schenectady Road, Niskayuna, NY 12309-1609, or wherever else he may be found.

    5.     Defendant The Hartford Steam Boiler Inspection and Insurance Company is an alien or foreign insurance company registered to engage in the business of insurance in Texas. This Defendant may be served with process via certified mail, return receipt requested, by serving its registered agent, Registered Agent Solutions, 1701 Directors Blvd., Ste. 300, Austin, TX 78744-1044, or wherever else it may be found.

    6.     Defendant Parrish Douglas Swift is an individual licensed to do, and at all times material to the allegations in this Petition has done, business in Texas as an adjuster. This Defendant does not reside in Texas and has not appointed an agent for service of process. Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with personal process at his residence located at 7943 GA Highway 109, Molena, Georgia 30258-2925, or wherever else he may be found.

    7.     Defendant Edward Garvin Britt, Jr. is an individual licensed to do, and at all times material to the allegations in this Petition has done, business in Texas as an agent. This

Defendant may be served with personal process at 1111 North Loop W., Ste. 400, Houston, Texas 77008-4712, or wherever else he may be found.

8.      Defendant Bowen, Miclette & Britt Insurance Agency, LLC is a domestic limited liability company licensed to do, and at all times material to the allegations in this Petition has done, business in Texas as an agency. This defendant may be served with process via certified mail, return receipt requested, by serving its registered agent, Cogency Global, Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201-4701.

<u>**JURISDICTION**</u>

9.      The Court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. Plaintiff is seeking damages over $200,000.00 but not more than $1,000,000.00. Plaintiff reserves the right to amend its petition during and/or after the discovery process.

10.      The court has jurisdiction over Defendant Allied Property and Casualty Insurance Company (herein after referred to "**Allied**") because this Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the state of Texas.

11.      The court has jurisdiction over Defendant Dale Grimm (herein after referred to "**Grimm**") because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's cause of action arose out of this Defendant's activities in the State of Texas.

12.      The court has jurisdiction over Defendant The Hartford Steam Boiler Inspection and Insurance Company (herein after referred to "**Hartford**") because this Defendant is a foreign

3

insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the state of Texas.

13.    The court has jurisdiction over Defendant Parrish Swift (herein after referred to "**Swift**") because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's cause of action arose out of this Defendant's activities in the State of Texas.

14.    The court has jurisdiction over Defendant Edward Garvin Britt, Jr. (herein after referred to "**Britt**") because this Defendant engages in the business of selling insurance in the State of Texas, and Plaintiff's cause of action arose out of this Defendant's business activities in the State of Texas.

15.    The court has jurisdiction over Defendant Bowen Miclette & Britt Insurance Agency (herein after referred to "**Insurance Agency**") because this Defendant engages in the business of selling insurance in the State of Texas, and Plaintiff's cause of action arose out of this Defendant's business activities in the State of Texas.

## VENUE

16.    Venue in this cause is proper in Harris County because the insured properties are situated in Harris County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

17.    Plaintiff is the owner of a Commercial Property Insurance Policy (hereinafter referred to as "**the Policy**"), which was issued by Allied and "Hartford (referred to herein jointly as "**Insurance Company**").  These policies were sold by Britt and Insurance Agency.

18.    Plaintiff owns the insured properties (herein after referred to as the "**Properties**"), which are located at:

- 4057 Bellaire Blvd, Houston, Texas 77025

4

- 12538 Memorial Drive, Houston, Texas, 77024

- 23918 Highway 59 N, Kingwood, Texas 77339

- 2502 Algerian Way, Houston, Texas 77098

- 1613 Shepherd Drive, Houston, Texas 77007

- 5104-5112 Spruce Street, Bellaire, Texas 77401

- 6510 S Rice Ave, Bellaire, Texas, 77401 and

- 3542 Ella Blvd, Houston, Texas 77018

19.    Insurance Company, Britt, and/or Insurance Agency sold the Policy insuring the Properties to Plaintiff.

20.    On or about August 27, 2017, Plaintiff sustained wind and water damage to the Properties due to Hurricane Harvey.  Plaintiff filed a claim for the wind and water damages to its properties caused by Hurricane Harvey.

21.    After reporting the claim to Britt and/or Insurance Agency, Plaintiffs were provided advice by Britt and/or Insurance Agency regarding the claims process and the handling of the claim, including advice regarding the mitigation of damage to the Properties.  When Britt and/or Insurance Agency undertook in adjusting the claim by providing this advice, it was their duty to provide advice that would assist in the handling of the Plaintiff's claim, not jeopardize the coverage available.  This advice resulted in the deficient investigation of Plaintiff's claim.

22.    Pursuant to the Policy, Plaintiff asked that the Insurance Company pay for the damage to the Properties.

23.    The Insurance Company, without requiring written notice of the claim from the Plaintiff, assigned the adjusters to the claim. Grimm and Swift (referred to jointly herein as "**Adjuster**") because of inadequate and improper instruction and training, failed to perform an

5

investigation of Plaintiff's claim that met the minimum standards of performance pursuant to industry standards, §§21.203 and 21.205 of the Texas Administrative Code, applicable law, or otherwise.

24.     Hartford assigned Swift to adjust Plaintiff's claim on its behalf. Swift was improperly trained by Hartford. Swift stated in his January 5, 2019 denial letter that it was "determined that a loss reinsured by Hartford Steam Boiler did not occur" and that Hartford's "liability in this matter will not be in effect."

25.     Allied assigned Grimm to inspect the Properties on its behalf. Grimm was improperly trained by Allied. Grimm's inspections of the Properties were conducted on or about September 27, 2017. Grimm and Allied sent correspondence to Plaintiff dated February 20, 2018 which stated that Allied determined the "loss was caused by flood" and that the policy "does not provide coverage for this loss." Grimm and/or Allied improperly determined that the roof leaks were the results of "wear & tear, deterioration and inadequate construction" instead of the winds from Hurricane Harvey.

26.     Hartford and Allied ratified and accepted Parrish and Grimm's substandard inspection without question, even though adequate funds to cover the covered cost of repairs to all the damages sustained at the Properties were not provided.

27.     Grimm and Parrish's inadequate investigation and review of the file was relied upon by the Insurance Company in this matter and resulted in the Claim being denied.

28.     The Insurance Company's personnel failed to thoroughly review and properly oversee the work of their assigned adjusters Grimm and Parrish, ultimately approving an improper adjustment and inadequate, unfair settlement of Plaintiff's Claim.

29.     This unreasonable investigation resulted in the considerable underpayment and improper denial of Plaintiff's Claim.

30.     Together, Defendants Allied, Hartford, Grimm, and Parrish set out to deny and underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff, failed to fully scope the damages, and undervalued the damages it did account for, thus denying adequate and sufficient payment to Plaintiff.

31.     The mishandling of the claim also caused a delay in Plaintiff's ability to fully repair its properties, which has resulted in additional damages.  To this date, Plaintiff has yet to receive full payment owed under the Insurance Policy.

32.     The Insurance Company ratified the Adjuster's inadequate methods and investigation, resulting in Plaintiff's claims being denied.  The unreasonable investigation of Plaintiff's claim resulted in the considerable underpayment and wrongful denial of the claim. Plaintiff has suffered actual damages resulting from Defendants' wrongful acts and omissions as set forth above and further described herein.

33.     The Insurance Company intentionally chose and adopted a business model that provided for retaining very few, if any, qualified adjusters as employees, and instead relied upon outside contractors to perform the Insurance Company's non-delegable duties of investigating claims in accordance with applicable Texas law.   In addition, the Insurance Company compensated its outside contractor adjusters by incentivizing them to exclude or artificially minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law. Further, the Insurance Company had no or inadequate procedures in place to monitor or regularly audit the work

product of its outside adjusters. Therefore, the Insurance Company was reasonably aware, or knew or should have known, that claims estimates generated by its adjusters, inclusive of the estimates at issue in this case, were wholly deficient by any measure under the contract and the law and likely to result in considerable underpayment and wrongful denial of storm-related claims, as occurred with Plaintiff's claim.

34.     Moreover, Grimm and Parrish were aware that the Insurance Company was incentivizing them to minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law. Grimm and Parrish accepted these terms knowing that they would likely cause their inspections and resulting claims estimates to exclude or artificially minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law.

35.     As detailed in the paragraphs below, Insurance Company wrongfully denied Plaintiff's claim for repairs to the Properties, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Insurance Company denied Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

36.     Insurance Company continues to delay paying Plaintiff for the damages to the Properties. As such, Plaintiff has not been paid in full for the damages to its properties

37.     Insurance Company voluntarily assumed a non-contractual obligation to inspect and value Plaintiff's damages, thereby causing its conduct to be governed by the applicable provisions of the Texas Insurance Code. However, it then failed to comply with its duties and

8

obligations under the law for inspecting and valuing covered losses, and likewise failed to perform its contractual duty to adequately compensate Plaintiff for monies owed to them under the Policy.  More specifically, but without limitation, Insurance Company failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Properties and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. As such, and as further described herein, Insurance Company's conduct in this regard constitutes both a violation of the applicable provisions of the Texas Insurance Code, as well as a breach of the insurance contract between Insurance Company and Plaintiff.

38.    Defendants Insurance Company, and Adjusters misrepresented to Plaintiff that the damage to the Properties were not covered under the Policy, even though the damage was caused by a covered occurrence. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

39.    Defendants Insurance Company and Adjusters failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

40.    Defendants Insurance Company and Adjusters failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Insurance Company and Adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did

9

they provide any explanation for the failure to adequately settle Plaintiff's claim. As such, Defendants Insurance Company's and Adjusters' conduct in this regard is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

41.    Defendants Insurance Company and Adjusters failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Insurance Company and Adjusters. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

42.    Defendants Insurance Company and Adjusters refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants Insurance Company and Adjusters performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the properties. As such, Defendants Insurance Company's and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

43.    After receiving notice of Plaintiff's claim, Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code to timely and within the statutorily mandated time acknowledge Plaintiff's claim, begin an investigation of Plaintiff's claim and request all information reasonably necessary to investigate Plaintiff's claim. As such, Insurance Company's conduct in this regard constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.055.

44.      Insurance Company failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.056.

45.      Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Insurance Company has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for its claim. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS.CODE §542.058.

46.      From and after the time Plaintiff's claim was presented to Insurance Company, the liability of Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Insurance Company has refused to pay Plaintiff in full, despite there being no basis on which a reasonable insurance company would have relied on to deny the full payment. As such, Insurance Company's conduct in this regard constitutes a breach of the common law duty of good faith and fair dealing.

47.      Additionally, Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

48.      Defendants' wrongful acts and omissions, as further detailed herein, Plaintiff was forced to retain the professional services of the attorneys and law firm who is representing it with respect to these causes of action.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT GRIMM AND PARRISH

49.     In support of the causes of action set forth herein, Plaintiff's incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 48 as if fully set forth *verbatim*.

50.     Insurance Company assigned Adjusters to adjust the claim. Adjusters were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages. During their investigation, Adjusters failed to properly assess Plaintiff's damages. Adjusters also omitted covered damages from their estimates. In addition, the damages that Adjusters failed to include in their estimate resulted in the improper denial of the claim.

51.     As such, Adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

52.     Grimm and Parrish are individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of Insurance Company, as each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an *agent*, broker, *adjustor* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). *See also, Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.* 996 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

53.    Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Adjusters' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.  Adjusters' unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

54.    Adjusters' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

55.    Adjusters failed to explain to Plaintiff the reason for their inadequate settlement. Specifically, Adjusters failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Adjusters, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis as set forth in the Policy, in relation

to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

56.     Adjusters' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

57.     Adjusters did not properly inspect the Properties and failed to account for and/or undervalued many of Plaintiff's damages, although reported by Plaintiff. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

**CAUSES OF ACTION AGAINST**
**ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY AND THE**
**HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY**

58.     In support of the causes of action set forth herein, Plaintiff's incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 57 as if fully set forth *verbatim*.

59.     Insurance Company is liable to Plaintiff for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

**BREACH OF CONTRACT**

60.     Insurance Company's conduct constitutes a breach of the insurance contract made between Insurance Company and Plaintiff.

61.     Insurance Company's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Insurance Company's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

62.     Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

63.     Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

64.     Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2(A).

65.     Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

66.     Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

67.     Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

68.     Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

69.     Insurance Company's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

70.     Insurance Company's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

71.     Insurance Company's delay of the payment of Plaintiff's claim following its receipt of all items, statements and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**ACTS CONSTITUTING ACTING AS AGENT**

72.     In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 71 as if fully set forth *verbatim*.

73.     Adjusters are agents of Insurance Company based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the Insurance Company. TEX. INS. CODE §4001.051.

74. Separately, and/or in the alternative, as referenced and described above, Insurance Company ratified the actions and conduct of Adjusters, including the completion of their duties under the common and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

75. In support of the causes of action set forth herein, Plaintiff's incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 74 as if fully set forth *verbatim.*

76. Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff in their Policy.

77. Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time, Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## CAUSES OF ACTION AGAINST EDWARDS GARVIN BRITT AND BOWEN MICLETTE & BRITT INSURANCE AGENCY

78. In support of the causes of action set forth herein, Plaintiff's incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 77 as if fully set forth *verbatim.*

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE

79. Britt and Insurance Agency's conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices Act. All violations under this article are made actionable by TEX. INS. CODE §541.151.

80. Defendant Britt is individually liable for his unfair and deceptive acts because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds

17

plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an *agent*, broker, adjustor or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).

81.     Britt and Insurance Agency's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

82.     Britt and Insurance Agency's did not provide correct advice regarding the claims handling process to Plaintiff. Britt and Insurance Agency's unfair settlement practice, as described above constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## NEGLIGENCE

83.     Britt and/or Insurance Agency are liability to Plaintiff for negligence. Plaintiff entrusted Britt and/or Insurance Agency to provide them with accurate advice regarding the handling of its claim.

84.     Defendant accepted the responsibility to provide Plaintiff with accurate advice regarding the handling of Plaintiff's claim when it undertook in helping Plaintiff in the claim adjustment process. Defendant had the duty to provide correct advice and failed to do so. As a result, Plaintiff suffered significant injuries.

## BREACH OF FIDUCIARY DUTY

85.     Britt and Insurance Agency are liable to Plaintiffs for breach of fiduciary duty.

86.     Insurance agents, such as Defendant, owe a fiduciary duty to their insurers, such as Plaintiffs, under agency contracts. *Hartford Cas. Ins. Co. v. Walker County Agency, Inc.*, 808 S.W.2d 681, 688 (Tex. App.--Corpus Christi 1991, no writ)

87.     Britt and Insurance Agency breached their fiduciary duties to Plaintiff when he failed, as described above, to provide proper advice regarding Plaintiff's claim.

88.     Britt and Insurance Agency's breach of fiduciary duty injured Plaintiff as Plaintiff's claims were ultimately denied by Insurance Company.

## NEGLIGENT MISREPRESENTATION

89.     In the alternative to the foregoing, Britt and Insurance Agency's conduct constitutes a tort for negligent misrepresentation. Britt and Insurance Agency misrepresented to Plaintiff the correct procedure for handling the claim after Hurricane Harvey damaged the Properties. Britt and Insurance Agency made the representation in the course of its business and in the course of a transaction in which Britt and Insurance Agency had a pecuniary interest. Britt and Insurance Agency supplied this false information for the guidance of Plaintiffs. Britt and Insurance Agency did not exercise reasonable care or competence in obtaining or communicating the information. Plaintiff justifiably relied on Britt and Insurance Agency's representation regarding the proper way to handle its claim. Defendant's negligent misrepresentation proximately caused Plaintiff's injury.

## **KNOWLEDGE**

90.     In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 89 as if fully set forth *verbatim*.

91.     All of the acts described above, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

92.     In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 91 as if fully set forth *verbatim*.

93.     Plaintiff would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

94.     As previously mentioned, the damages have not been properly addressed or repaired, causing further damages to the Properties, while also causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants mishandling of Plaintiff's claim in violation of the laws set forth above.

95.     For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorneys' fees.

96.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff is entitled to three times its actual damages. TEX. INS. CODE §541.152.

97.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as the prejudgment interest, penalty interest pursuant to Chapter 542.060(c), cost, together with attorneys' fees. TEX. INS. CODE §542.060.

98.     For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the Insurance Company owed, exemplary damages and damages for emotional distress.

99.     For negligence, Plaintiff is entitled to its actual damages, pre-judgment interest, post-judgment interest, and court costs.

100.    For negligent misrepresentation, Plaintiff is entitled to, at a minimum, its actual damages, pre-judgment interest, post-judgment interest, exemplary damages, and court costs.

101.    For breach of fiduciary duty, Plaintiff is entitled to, at a minimum, its actual damages, economic damages, mental anguish damages, profit disgorgement, equitable remedies as the Court seems fit, exemplary damages, pre-judgment interest, post-judgment interest, and court costs.

102.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

103.    Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff is tendering the appropriate jury fee.

### CONDITIONS PRECEDENT

104.    All conditions precedent to Plaintiff's claim for relief have been performed, have occurred, or are excused under 542A.003(d)(1).

## REQUEST FOR DISCLOSURE

105.    Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l) and Rule 190.2(b)(6).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff pray that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, both as to actual damages, treble damage under the Texas Insurance Code, all punitive and exemplary damages as may be found and reasonable and necessary attorneys' fees. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself to be justly entitled.

Respectfully Submitted,

**RAMSEY LAW**

*/s/ Michael R. Ramsey*
Michael R. Ramsey
State Bar No.16520200
Randal G. Cashiola, Of Counsel
State Bar No. 03966802
Katherine D. Ramsey
State Bar No. 24070469
6280 Delaware Street, Ste A
Beaumont, Texas 77706
T: 409.444.2020
F: 409.444-2021
ramseydocket@ramseylaw.com

**ATTORNEYS FOR PLAINTIFF**

22